UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ALFIO DARIO PEREZ,                      :

                    Petitioner,[1]    :    06 Civ. 2055 (DAB)(HBP)

     -against-                        :    REPORT AND
                                           RECOMMENDATION
MARY ANN GANTNER, District            :
Director, Immigration Services,
                                      :
                    Respondent.
                                      :
----------------------------------X


          PITMAN, United States Magistrate Judge:


          TO THE HONORABLE DEBORAH A. BATTS, United States Dis-

trict Judge,


I.   Introduction


          The pro se petitioner describes this proceeding as a

"Petition for Review of Denial of U.S. Rights and Benefits of

Citizenship and National [sic] under Section 341(b)(2) of the

Immigration and Nationality Act ("INA") in Furtherance of Section

310(c) and Chapter 7 U.S.C. 5 for de novo Review" (Docket Item

1).  Upon reviewing the petition with the appropriate leniency,

---

[1]Perez styles himself as a "petitioner," and I follow that
convention throughout this report and recommendation.  Perez does
not allege that he is in custody in any respect, nor does he
allege that he is in removal proceedings, nor do his papers even
refer to 28 U.S.C. §§ 2241, 2254 or 2255.  Accordingly, I do not
understand "petitioner" to be seeking a writ of habeas corpus nor
does it appear that this action as an attempt to avoid removal.

see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Ciak v. United States, 59 F.3d 296, 306 n.9 (2d Cir. 1995), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002), it appears that petitioner is seeking review pursuant to Section 310(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1421(c), of a decision by the Bureau of United States Citizenship and Immigration Services ("CIS") denying his application to become a naturalized citizen of the United States. Petitioner also appears to be seeking an order from the Court declaring that he is a non-citizen national of the United States pursuant to Section 341(b) of the INA, 8 U.S.C. § 1452(b).

Respondent moves for summary judgment dismissing the petition in its entirety. To the extent petitioner seeks review of the denial of his application for naturalization, respondent argues that CIS's decision was justified, if not mandated, by the fact that petitioner had been convicted of an aggravated felony, namely attempted criminal possession of a controlled substance in the third degree, in violation of New York Penal Law Sections 110 and 220.16. To the extent petitioner seeks a declaration that he is a non-citizen national of the United States, respondent claims that the Court lacks subject matter jurisdiction and that, in any

event, the claim fails as a matter of law.  Petitioner has not
responded to the motion.[2]

For the reasons set forth below, I respectfully recom-
mend that respondent's motion be granted in all respects and that
the petition be dismissed.

## II.  Facts

Petitioner is a native and citizen of the Dominican
Republic (Rec.[3] at 8).  He was admitted to the United States as a
lawful permanent resident on or about September 10, 1983. (Rec.
at 92).

On June 4, 1991, petitioner was arrested by the New
York City Police Department (Rec. at 24).  A criminal complaint
was subsequently filed against petitioner and another individual
in New York City Criminal Court, charging each with two counts of

---

[2]Summary judgment cannot, as a matter of law, be granted on
default.  Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d
241, 242 (2d Cir. 2004) ("We hold that Fed.R.Civ.P. 56, governing
summary judgment motions, does not embrace default judgment
principles.  Even when a motion for summary judgment is
unopposed, the district court is not relieved of its duty to
decide whether the movant is entitled to judgment as a matter of
law.").  Accordingly, it is necessary to analyze the merits of
respondent's arguments notwithstanding petitioner's default.

[3]"Rec." refers to the record of the administrative
proceedings underlying the denial of petitioner's application for
naturalization that is annexed as Exhibit A to the Declaration of
Special Assistant United States Attorney Sue Chen, dated July 14,
2006.

criminal possession of a controlled substance in the third de-
gree, in violation of New York Penal Law Sections 220.16(1) and
220.16(12) (Complaint, annexed as part of Exhibit B to the Peti-
tion). Specifically, the complaint charged that petitioner
possessed in excess of one-half ounce of cocaine with the intent
to sell it. On or about June 12, 1991, a Special Narcotics Grand
Jury returned an indictment charging petitioner with one count of
criminal possession of a controlled substance in the third degree
and one count of criminal possession of a controlled substance in
the fourth degree (Rec. at 24, 83-84). Petitioner plead guilty
on December 13, 1993 to the charge of attempted criminal posses-
sion of a controlled substance in the third degree in satisfac-
tion of the indictment (Rec. at 79, 88). He was sentenced on
December 27, 1993 to one year of imprisonment (Rec. at 78, 79,
88). It appears that petitioner was released from custody in
September, 1994 (Rec. at 74).[4]

Petitioner submitted an application to CIS to become a
naturalized citizen on April 30, 2004 (Rec. at 7-17). The Dis-
trict Director of CIS's New York District denied the application
on October 5, 2005, stating, in pertinent part:

> In order to become a citizen of the United States --
> you bear the burden of establishing that you are a

---

[4]The record also discloses that petitioner has at least one
misdemeanor conviction for attempted assault in the third degree
(Rec. at 58, 74). This conviction is, however, immaterial to the
issues raised in the pending petition.

person of good moral character. [8 C.F.R. §
316.10(a)(2)], states in pertinent part -- "The Service
is not limited to reviewing the applicant's conduct
during the five years immediately preceding the filing
of the application, but may take into consideration, as
a basis for its determination, the applicant's conduct
and acts at any time prior to that period . . . or if
the earlier conduct and acts appear relevant to a de-
termination of the applicant's present moral charac-
ter." In view of your criminal history you have com-
mitted unlawful acts that have adversely reflected upon
your moral character.

You have not established your eligibility for citizen-
ship under the provisions of Section 316 of the Act,
supra. Therefore, your application is denied. This
denial is without prejudice to your filing an applica-
tion for citizenship when you become eligible under the
applicable provisions of the Act.

(Rec. at 6).

Petitioner took a timely administrative appeal from the

District Director's decision (Rec. 27-28). Petitioner claimed,

among other things, that his conviction for attempted criminal

possession of a controlled substance was stale, and that his more

recent record, which lacked any evidence of criminal conduct,

demonstrated that he had rehabilitated himself and established

good moral character (Rec. at 28). He further argued that his

episodes of criminal behavior were, in principal part, the prod-

uct of alcohol abuse that was, in turn, induced by the break-up

of his marriage (Rec. at 28).

On February 16, 2006, the District Director affirmed

the initial decision denying petitioner's application for natu-

ralization, stating:

It is laudable that you have changed your life in the period after your convictions and contribute positively towards society. But the Service must adhere to Immigration Law, which presents a permanent bar to citizenship in cases of convictions as Aggravated Felonies, adjudicated after November 29, 1990.

Based upon your conviction for Attempted Possession of a Controlled Substance on December 27, 1993, which is an Aggravated Felony for Immigration Law purposes, the Service affirms the previous denial issued on October 5, 2005.

(Rec. at 2).

Petitioner commenced the pending action on March 10, 2006 when he submitted his petition to the office of the Pro Se Clerk. Although the petition is not entirely clear, petitioner appears to be making the following arguments: (1) petitioner claims that the there is no permanent bar to his naturalization because his conviction for attempted criminal sale of a controlled substance does not constitute a conviction for an aggravated felony; (2) permanently barring aggravated felons from naturalization violates the Equal Protection Clause because no similar bar is applied to "communists, subversives and/or totalitarian groups" or to individuals who fail to register with the Selective Service System (Petition at 2), and (3) petitioner has improperly been denied non-citizen national status under INA Section 341(b)(2), 8 U.S.C. § 1452(b)(2).

III.  <u>Analysis</u>

Respondent takes no issue with the factual allegations in the petition.  Rather it appears that the only dispute between the parties are the legal consequences of these facts.  Since there appear to be no disputes of material fact, resolution of this matter through summary judgment is appropriate.  See Atwood v. Kerlin, 264 F.2d 4, 7 (2d Cir. 1959) (Summary judgment appropriate where "there are no 'controverted facts,' merely disagreements as to the legal consequences of admitted facts . . . ."); Carano v. Vina Concha y Toro, S.A., 288 F. Supp.2d 397. 398 (S.D.N.Y. 2003) (same); Elsmere Music, Inc. v. Nat'l Broad. Co., 482 F. Supp. 741, 744 (S.D.N.Y. 1980).

A.  The CIS's Denial of Naturalization Was
    Mandated by Law Because Petitioner
    Was Convicted of an Aggravated Felony
    <u>and Is Permanently Barred from Naturalization</u>[5]

Petitioner's conviction for attempted criminal posses-
sion of a controlled substance constitutes a conviction for an
aggravated felony that precludes him from showing that he is a
person of good moral character and, therefore, precludes him from
demonstrating that he meets the requirements of naturalization.

Section 316(a) of the INA, 8 U.S.C. § 1427(a), sets
forth the basic requirements for naturalization and provides that
no alien may become a citizen of the United States unless he
establishes the following:

> (1) immediately preceding the date of filing his appli-
> cation for naturalization [he] has resided continu-
> ously, after being lawfully admitted for permanent
> residence, within the United States for at least five
> years and during the five years immediately preceding

---

[5]I note in passing that this Court has jurisdiction to
review the CIS's decision pursuant to Section 310(c) of the INA,
8 U.S.C. § 1421(c) which provides:

> A person whose application for naturalization
> under this subchapter is denied, after a hearing before
> an immigration officer under section 1447(a) of this
> Title, may seek review of such denial before the United
> States district court for the district in which such
> person resides in accordance with chapter 7 of Title 5.
> Such review shall be de novo, and the court shall make
> its own findings of fact and conclusions of law and
> shall, at the request of the petitioner, conduct a
> hearing de novo on the application.

See also Chan v. Gantner, 464 F.3d 289, 290-91 (2d Cir. 2006)

the date of filing his application has been physically
present therein for periods totaling at least half of
that time, and . . . has resided within the State or
within the district of the Service in the United States
in which the applicant filed the application for at
least three months, (2) [he] has resided continuously
within the United States from the date of the applica-
tion up to the time of admission to citizenship, and
(3) during all the periods referred to in this subsec-
tion [he] has been and still is a person of good moral
character, attached to the principles of the Constitu-
tion of the United States, and well disposed to the
good order and happiness of the United States.

See also Chan v. Gantner, supra, 464 F.3d at 292; Boatswain v.

Gonzalez, 414 F.3d 413, 416 (2d Cir. 2005).

Section 101(f) of the INA, 8 U.S.C. § 1101(f), further

provides, in pertinent part:

No person shall be regarded as, or found to be, a
person of good moral character who, during the period
for which good moral character is required to be estab-
lished, is, or was --

\*       \*       \*

(8) one who at any time has been convicted of an
aggravated felony (as defined in subsection (a)(43) of
this section).

Thus, conviction of an aggravated felony "erects a per

se statutory bar to a finding of good moral character . . . ."

Boatswain v. Gonzalez, supra, 414 F.3d at 416; Ballares v. ICE,

07-CV-3310 (NGG), 2008 WL 479989 at \*2 n.2 (E.D.N.Y. Feb. 19,

2008) ("If a person is convicted of an aggravated felony after

November 29, 1990, that person cannot establish the 'good moral

character' required for naturalization."); Ljutica v. Mukasey, 07

Civ. 6129 (JSR), 2007 WL 4145275 at \*1 (S.D.N.Y. Nov. 19, 2007)

("Under the Immigration and Naturalization Act, a person who 'at any time has been convicted of an aggravated felony' cannot establish the good moral character necessary for naturalization."); <u>Martin v. Gantner</u>, 443 F. Supp.2d 367, 372 (E.D.N.Y. 2006) ("Pursuant to 8 U.S.C. § 1101(f)(8), any person convicted of an 'aggravated felony' shall not be considered a person of good moral character."). Thus, if petitioner has been convicted of an "aggravated felony," he does not meet the statutory criteria for naturalization.

Section 101(a)(43) of the INA, 8 U.S.C. § 1101(a)(43), defines an "aggravated felony" to include "(B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)" and "(U) an attempt or conspiracy to commit an offense described in this paragraph."

In <u>Gray v. Keisler</u>, 253 Fed. Appx. 78 (2d Cir. 2007) the Court of Appeals concluded that a conviction for attempted criminal possession of a controlled substance in the third degree constitutes a conviction for an aggravated felony. Because the Court resolved <u>Gray</u> by a summary order, its decision lacks precedential effect. Local Rules of the United States Court of Appeals for the Second Circuit, Rule 32.1(b). Nevertheless, I find its reasoning compelling, and I quote it at length because I cannot improve on it.

As defined in 8 U.S.C. § 1101, "[t]he term 'aggravated felony' [encompasses] . . . illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). An "attempt . . . to commit" illicit trafficking in controlled substances is also an aggravated felony. 8 U.S.C. § 1101(a)(43)(U). 18 U.S.C. § 924 further specifies that "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (CSA) (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).

Petitioner was convicted under New York law of attempted criminal possession of a controlled substance in the third degree. "A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it." N.Y. Penal L. § 220.16(1) (McKinney 2000). This crime is a Class B felony under New York law, id., and an attempt to commit this crime is a Class C felony under New York law, N.Y. Penal L. § 110.05(4) (McKinney 2004).

"[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." Lopez v. Gonzales, 549 U.S. 47, 127 S.Ct. 625, 633, 166 L.Ed.2d 462 (2006). "[T]he crimes the [Controlled Substances Act] defines as 'felonies' are those crimes to which it assigns a punishment exceeding one year's imprisonment." Id. at 631 n.7.

Under the Controlled Substances Act, it is a crime for "any person knowingly or intentionally . . . [to] possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). This crime is punishable by a term of imprisonment greater than one year, 21 U.S.C. § 841(b)(1)(C), and, therefore, constitutes a felony under the CSA. And because the CSA dictates that attempt offenses are "subject to the same penalties as those prescribed for the offense [itself]," 21 U.S.C. § 846, attempted possession of a controlled substance with intent to distribute is also a felony under the CSA.

The BIA correctly concluded that the conduct proscribed by N.Y. Penal L. §§ 220.16(1) and 110, the New York statutes under which petitioner was convicted, would also be punishable under 21 U.S.C. §§ 841(a)(1) and 846 of the CSA. Consequently, petitioner has been convicted of an aggravated felony and is barred from cancellation of removal by the terms of 8 U.S.C. § 1229b(a)(3). Petitioner's argument that the plain meaning of drug trafficking does not comport with the conduct for which he was convicted is meritless.

253 Fed. Appx at 80-81. See also Drakes v. Attorney General of the United States, No. 06-4135, 2008 WL 485421 at *2 (3rd Cir. Feb. 25, 2008) (unpublished decision) (also concluding that a conviction for attempted criminal possession of a controlled substance in violation of the New York Penal Code constitutes a conviction for an aggravated felony). The logic of Gray establishes that Petitioner's conviction for attempted criminal possession of a controlled substance in the third degree constitutes a conviction for an aggravated felony.

Petitioner's arguments in opposition are not persuasive. To the extent petitioner argues that a crime cannot constitute an aggravated felony unless it actually results in at least five years of incarceration, he relies on out-dated precedent. In support of this argument, petitioner cites Matter of Davis, 20 I. & N. Dec. 536 (BIA 1992). When Davis was decided in 1992, the statutory definition of an aggravated felony required that the sentence actually imposed for the conviction be at least

five years imprisonment.[6]  In 1994 Congress amended and broadened

the definition of an aggravated felony.  The definition of aggra-

vated felony for drug offenses that is currently in force and was

in force at the time of the CIS's decision denying petitioner's

application for naturalization no longer contains such a five-

year incarceration requirement.  The current version of the INA,

in pertinent part, defines an aggravated felony as "illicit

trafficking in a controlled substance (as defined in section 802

of Title 21), including a drug trafficking crime (as defined in

---

[6]<u>Davis</u> quotes the following statutory definition of the term
"aggravated felony:"

> The term "aggravated felony" means murder, any illicit
> trafficking in any controlled substance (as defined in
> section 102 of the Controlled Substances Act),
> including any drug trafficking crime as defined in
> section 924(c)(2) of title 18, United States Code, or
> any illicit trafficking in any firearms or destructive
> devices as defined in section 921 of such title, any
> offense described in section 1956 of title 18, United
> States Code (relating to laundering of monetary
> instruments), or any crime of violence (as defined in
> section 16 of title 18, United States Code, not
> including a purely political offense) for which the
> term of imprisonment imposed (regardless of any
> suspension of such imprisonment) is at least 5 years,
> or any attempt or conspiracy to commit any such act.
> Such term applies to offenses described in the previous
> sentence whether in violation of Federal or State law
> and also applies to offenses described in the previous
> sentence in violation of foreign law for which the term
> of imprisonment was completed within the previous 15
> years.

<u>Matter of Davis</u>, <u>supra</u>, 20 I. & N. Dec. at 539, <u>quoting</u> 8 U.S.C.
§ 1101(a)(43) (Supp. II 1990).

section 924(c) of Title 18)."  8 U.S.C. § 1101(43)(B).  Title 18

U.S.C. § 924(c)(2), in turn, defines a drug trafficking crime as

"any felony punishable under the Controlled Substances Act (21

U.S.C. 801 et seq.), the Controlled Substances Import and Export

Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."  The

requirement of a five-year sentence is no longer part of the

statutory definition.  In addition, there can be no doubt that

the current definition applies to petitioner notwithstanding the

fact that his conviction predated the amendment to the definition

of an aggravated felony.  8 U.S.C. § 1101(a)(43)(concluding,

undesignated subparagraph) ("Notwithstanding any other provision

of law (including any effective date), the term applies regard-

less of whether the conviction was entered before, on, or after

September 30, 1996.");  INS v. St. Cyr, 533 U.S. 289, 318-20

(2001) (Congress "unambiguously" intended the revised definition

of aggravated felony to apply "retroactively.");  Brown v.

Ashcroft, 360 F.3d 346, 353-54 (2d Cir. 2004)(same).

    Petitioner also cites 18 U.S.C. § 3559 and claims that

his conviction cannot be any kind of felony because he was not

incarcerated for more than one year.  Petitioner is clearly

misreading Section 3559.[7]  Section 3559 does not classify offenses

---

[7]Section 3559 provides, in pertinent part:

        (a) Classification. -- An offense that is not
        specifically classified by a letter grade in the
                                        (continued...)

based on the sentence actually imposed.  Rather, it classifies offenses based on the sentence authorized.  It expressly classifies as felonies all offenses for which the maximum sentence <u>authorized</u> is more than one year.

Finally, petitioner claims that because neither "communists, subversives and/or totalitarian groups" nor individuals who fail to register for Selective Service are permanently barred from naturalization, permanently barring him from naturalization is unfair and violates the Equal Protection Clause.  Petitioner cites no authority for this argument.  Since no "suspect classifications" or fundamental rights are involved in this matter, petitioner's equal protection challenge is subject to rational basis review, <u>i</u>.<u>e</u>., the differences in treatment Congress has dictated must be upheld if there is a rational basis for them.  See <u>Tuan</u>

---

[7](...continued)
section defining it, is classified if the maximum term of imprisonment authorized is--

(1) life imprisonment, or if the maximum penalty is death, as a Class A felony;

(2) twenty-five years or more, as a Class B felony;

(3) less than twenty-five years but ten or more years, as a Class C felony;

(4) less than ten years but five or more years, as a Class D felony;

(5) less than five years but more than one year, as a Class E felony;

Anh Nguyen v. INS, 533 U.S. 53, 76-77 (2001); Gregory v. Ashcroft, 501 U.S. 452, 470-71 (1991).

Article I, Section 8, Clause 4 of the United States Constitution expressly grants Congress the power "[t]o establish an [sic] uniform Rule of Naturalization . . . ," and Congress's power in this regard is plenary. Kleindienst v. Mandel, 408 U.S. 753, 766 (1972). Accordingly, the classifications Congress draws concerning eligibility for naturalization are entitled to great deference. See generally Jankowski-Burczyk v. INS, 291 F.3d 172, 178 (2d Cir. 2002). "[R]ational-basis review in equal protection analysis 'is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.'" Heller v. Doe, 509 U.S. 312, 319 (1993), quoting F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 313 (1993).

Assuming that Petitioner is correct and that neither the political activity he cites nor the failure to register for Selective Service are insurmountable obstacles to naturalization, there are obvious differences between these activities and drug trafficking that justify the distinction made by Congress. Membership in a political party and the public dissemination of the party's views is protected by the First Amendment even if the party is the now discredited Communist party or some other crack-brained totalitarian party. See generally Nat'l Socialist Party v. Vill. of Skokie, 432 U.S. 43 (1977) (self-proclaimed "Nazi"

organization); <u>Collin v. Smith</u>, 578 F.2d 1197 (7th Cir. 1978) (same). Additionally, a failure to register for Selective Service may be harmless if, for example, the individual involved would be exempt from military service due to physical limitations.[8] Moreover, since there is no system currently in place to draft individuals for military service, any individual's failure to register with Selective Service could be considered as resulting in no harm. Narcotics trafficking, on the other hand, enjoys no constitutional protection and is regarded by a substantial portion of the population as inherently pernicious. Thus, Congress' decision to deny naturalization to individuals who commit narcotics felonies is entirely rational.

Since the CIS's conclusion that petitioner was ineligible for naturalization because he had committed an aggravated felony was clearly correct, summary judgment should be granted affirming the CIS's denial of naturalization.

---

[8]According to the Selective Service System's website, even individuals with physical disabilities that would disqualify them from military service are required to register with the Selective Service System. Selective Service System: Fast Facts, http://www.sss.gov./FSwho.htm (last visited June 24, 2008).

B.  The Court Lacks Jurisdiction
to Review the Putative Denial
of Non-Citizen National Status
and the Claim Is Without Merit[9]

To the extent petitioner is claiming that he has been improperly denied the status of a non-citizen national of the United States, there is no evidence in the record and no claim by petitioner that he has exhausted his administrative remedies. Accordingly, this aspect of the petition should be dismissed as premature.

Section 341(b) of the INA, 8 U.S.C. § 1452(b), permits a non-citizen national of the United States to apply to the Secretary of State for a certificate of non-citizen national status. See also 8 U.S.C. § 1502.  If the application is denied, the applicant can commence an action seeking a declaratory judgment of his or her status as a United States national.  8 U.S.C. § 1503.

There is no claim and no evidence that petitioner ever made the appropriate application to the Secretary of State. Accordingly, an action for a declaration of national status in this court is premature.  United States v. Breyer, 41 F.3d 884, 892 (3rd Cir. 1994); Ferretti v. Dulles, 246 F.2d 544, 546-47 (2d

_____

[9]Petitioner does not appear to be raising his claim that he is a United States national as a defense to a removal proceeding; nothing in the petition or in respondent's submissions suggests that removal proceedings against him are pending.  Accordingly, the limitations on judicial review set forth in Section 242 of the INA, 8 U.S.C. § 1252, are inapplicable.

Cir. 1957); <u>Barham v. United States</u>, CV 99-3983, CR 96-543, 1999 WL 1092560 at *2 (E.D.N.Y. Nov. 30, 1999); <u>Sun v. Brownell</u>, 127 F. Supp. 684, 685 (E.D.N.Y. 1955).

In any event, even if the claim were properly before me, it would have to be rejected. Petitioner claims he is entitled to non-citizen national status because he has sworn allegiance to the United States (Petition at 3). The Court of Appeals has unequivo-cally held that the INA nowhere provides that a manifestation of permanent allegiance to the United States is sufficient to confer non-citizen United States national status on an individual. <u>Marquez-Almanzar v. INS</u>, 418 F.3d 210, 217-19 (2d Cir. 2005). Thus, even if petitioner had exhausted his administrative reme-dies, he would not be entitled to a judicial declaration that he is a non-citizen national of the United States.

## IV. <u>Conclusion</u>

Accordingly, for all the foregoing reasons, I respect-fully recommend that respondent's motion for summary judgement be granted in its entirety and that the action be dismissed.

## V. <u>Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to

file written objections. See also Fed.R.Civ.P. 6(a) and 6(d). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, United States District Judge, 500 Pearl Street, Room 2510, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Batts. FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         June 26, 2008

                         Respectfully submitted,

                         HENRY PITMAN
                         United States Magistrate Judge

Copies mailed to:

Mr. Alfio Dario Perez
Apt. 8-D
300 East 238th Street
Bronx, New York  10454

Sue Chen, Esq.
Special Assistant United
    States Attorney
Southern District of New York
86 Chambers Street
New York, New York   10007